IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION



WANDA WILLIAMS, individually and §
as temporary guardian and temporary §
conservator for JOHN ROBERT §
WILLIAMS, JR., incapacitated, §
§
§
Plaintiffs, § Civil Action Number:
§
v. § 1:14CV383 HSO-JCG
§
THE MANITOWOC COMPANY, INC.; §
MANITOWOC CRANE COMPANIES, §
LLC; MANITOWOC CRANES, LLC; §
CAIRO MARINE SERVICE, INC.; §
§
Defendants. §

## COMPLAINT

## JURY TRIAL RESPECTFULLY DEMANDED

Plaintiffs Wanda Williams, individually and as temporary guardian and temporary conservator for John Robert Williams, Jr., incapacitated, files this Complaint against Defendants The Manitowoc Company, Inc., Manitowoc Crane Companies, LLC, Manitowoc Cranes, LLC, and Cairo Marine Service, Inc., stating as follows:

### PARTIES

1. John Robert Williams, Jr., is an adult resident citizen of Mobile County, Alabama, who was rendered incapacitated as a proximate result of the events described below on or about June 25, 2014.

2. Plaintiff Wanda Williams is an adult resident citizen of Mobile County, Alabama and is, and at all material times hereto was, the wife of John Robert Williams,

Jr. Plaintiff Wanda Williams is the duly appointed temporary guardian and temporary conservator for John Robert Williams, Jr., incapacitated.

3. Defendant, The Manitowoc Company, Inc., is a Wisconsin Corporation with its principal place of business in Madison, Wisconsin. This Defendant may be served by process upon its registered agent, Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin, 53717.

4. Defendant Manitowoc Crane Companies, LLC is a Wisconsin Corporation with its principal place of business in Madison, Wisconsin. This Defendant may be served by process upon its registered agent, Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin, 53717.

5. Defendant Manitowoc Cranes, LLC, is a Wisconsin Corporation with its principal place of business in Madison, Wisconsin. This Defendant may be served by process upon its registered agent, Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin, 53717.

6. Defendant Cairo Marine Service, Inc., is an Illinois Corporation with its principal place of business in Cape Girardeau, Missouri. This Defendant may be served by process upon its registered agent, John Timothy Keller, 300 North Monroe Street, Marion, Illinois, 62959.

**JURISDICTION**

7. This Court has jurisdiction pursuant to 28 U.S.C.A § 1332.

**FACTS**

8. In or around 2010, VT Halter Marine, Inc. (hereinafter "VT Halter"), contracted with H&E Equipment Services to purchase two Manitowoc 2010 model 16000

2

series cranes. Said Manitowoc cranes were manufactured and/or designed by Defendants Manitowoc Company, Inc., Manitowoc Crane Companies, LLC, and/or Manitowoc Cranes, LLC (collectively, "Manitowoc Defendants"). Said Manitowoc cranes were purchased from, supplied by and delivered to VT Halter's Pascagoula, Mississippi shipbuilding facility by H&E Equipment Services. While at VT Halter, and before the incident made the basis of this action, the subject crane was inspected by Defendant Cairo Marine Service, Inc. (hereinafter "Cairo"). On or about August 28, 2013, Defendant Cairo's agent, servant, and/or employee inspected the crane made the basis of this action and "determined that the same is free of notable deficiencies at the time of the inspection."

9. On or about June 25, 2014, John Robert Williams, Jr., was employed by VT Halter as a crane operator at its Pascagoula, Mississippi shipbuilding facility. At all material times hereto Mr. Williams acting within the line and scope of his employment.

10. On or about June 25, 2014, VT Halter was building a modularly constructed ship on land that required multiple cranes to lift each section of the vessel as it was being constructed. John Robert Williams, Jr., was operating one of the aforementioned Manitowoc cranes at VT Halter's Pascagoula, Mississippi location and was performing a "tandem lift" with the other aforementioned Manitowoc crane. The Manitowoc crane Mr. Williams was operating (hereinafter, occasionally, the "subject crane") bore the number 2241, and the other Manitowoc crane bore the number 2242. During the tandem lift, crane number 2241, the crane Mr. Williams was operating, tipped over causing one or more counterweights positioned on the rear of the crane to fall onto the cab of the crane. The force of the impact from the counterweights caused Mr.

Williams to be ejected from the subject crane cab and suffer serious, catastrophic injuries. At the time of the above-described incident, the Manitowoc cranes, including the subject crane, was in substantially the same condition as it was when it was designed and manufactured by the Manitowoc Defendants, distributed by H&E and inspected and/or certified by Cairo.

## FIRST CAUSE OF ACTION
## STRICT LIABILITY

11. Plaintiffs reassert the allegations contained in paragraphs 1-10 above and incorporate the same by reference herein.

12. This cause of action is brought pursuant to Miss. Code Ann. § 11-1-63 (2003).

13. Plaintiffs allege that at the time of the incident made the basis of this action, subject crane was in substantially the same condition as it was when it was originally designed, manufactured, sold, supplied by, distributed by, inspected by and/or certified by the Defendants.

14. Plaintiffs further allege that the subject Manitowoc crane was in a defective and unreasonably dangerous condition at the time of its original design, manufacture, sale, delivery, inspection and/or certification by the Defendants because the subject crane lacked a device, guard, restraint, and/or mechanism that prohibited and/or prevented the counterweights from striking the cab of the subject crane. Furthermore, when the subject crane was designed, manufactured, sold, delivered, inspected and/or certified, it was foreseeable or should have been foreseeable to the Defendants that the counterweights could strike the cab of the crane if the crane tipped over during a lift.

15. Plaintiffs further allege that the Manitowoc Defendants and Cairo were at all times material to the allegations of this complaint in the regular business of designing, manufacturing, selling, supplying, inspecting and/or certifying machinery and equipment of the same type and kind which are made the subject of this action.

16. As a proximate consequence of the defective and unreasonably dangerous condition of the subject Manitowoc crane, John Robert Williams, Jr., was caused to suffer the following catastrophic injuries and damages: he has suffered a traumatic brain injury; a crush injury to his skull from the frontal skull to the parietal skull; he was caused to undergo a craniectomy and will need a cranioplasty due to the severity of the crush injury to his skull; his right eye was caused to be removed from the orbital socket as a result of the physical trauma from this incident and he has been rendered blind in both eyes; he has suffered a substantial altering of his mental status and cognitive function; he now needs assistance with basic human functions including feeding himself, grooming and bathing; he suffered an injury to his right hip that will most likely cause him to need a full hip replacement, as well as other serious and catastrophic bodily injuries; has been caused to undergo medical treatment and procedures for his injuries and will be caused to undergo further such treatment and procedures in the future; he was caused to be transferred to the Shepherd Center, a facility in Atlanta, Georgia that specializes in, among other things, the treatment of persons, like John Robert Williams, Jr., who have suffered catastrophic injuries; he was permanently and irreperably injured; he has been caused to incur medical, hospital, drug, therapy and rehabilitation expenses and will be caused to incur such expenses in the future; he has suffered, still so suffers and will continue to suffer in the future physical pain, suffering, mental distress and

mental anguish; he has been caused to lose time from his employment, has suffered lost wages, has suffered lost earning capacity and will so suffer in the future; and his injuries have caused him to be deprived of much enjoyment of his life and will so deprive him in the future.

WHEREFORE, Plaintiffs demand judgment against Defendants The Manitowoc Company, Inc., Manitowoc Crane Companies, LLC, Manitowoc Cranes, LLC, and Cairo Marine Service, Inc., jointly and severally, for compensatory damages in excess of the jurisdictional threshold of this Court, plus interest and costs.

## SECOND CAUSE OF ACTION
## NEGLIGENCE

17. Plaintiffs reassert the allegations contained in paragraphs 1-10 above and incorporate the same by reference herein.

18. As manufacturers of cranes used in industrial settings, including VT Halter, The Manitowoc Defendants had a duty to John Robert Williams, Jr. to use due care in the design, manufacture and sale of the subject crane.

19. As an inspector and/or certifier of cranes, Cairo had a duty to use due care in inspecting and/or certifying the subject crane.

20. The Manitowoc Defendants and/or Cairo negligently breached those duties in one or more of the following respects:

    a. Negligently designing, manufacturing, assembling, selling, inspecting, undertaking to inspect, failing to inspect, maintaining, modifying and/or repairing the Manitowoc crane involved in the incident made the basis of this action;

    b. Negligently failing to design the subject Manitowoc crane with appropriate devices, guards, restraints, and/or mechanisms that prohibited and/or prevented the counterweights from striking the cab of the subject crane;

c. Negligently failing to inspect the subject Manitowoc crane when a proper inspection would reveal the absence of safety devices, guards, restraints, and/or mechanisms that prohibited and/or prevented the counterweights from striking the cab of the subject crane;

d. Negligently failing to train, instruct and/or warn the end user, including John Robert Williams, Jr., of the subject Manitowoc crane;

e. Negligently failing to adequately warn the end user, including John Robert Williams, Jr., of the subject Manitowoc crane as to recognized and/or foreseeable hazards or dangers associated with the use of the subject Manitowoc crane;

f. Negligently failing to ensure that the subject Manitowoc crane was reasonably safe for the foreseeable uses to which it would be placed, specifically including tandem lifts;

g. Negligently causing or allowing a defective and unreasonably dangerous condition to persist despite the fact that Defendants knew or should have known that there was nothing preventing the counterweights from striking the cab in the event the crane tipped over during a lift;

h. Negligently exposing John Robert Williams, Jr. to a dangerous condition that Defendants created and/or allowed to persist; and

i. Negligently inspecting and/or certifying that the subject crane was "free of notable deficiencies at the time of the inspection."

21. As a proximate consequence of the negligence as described above, John Robert Williams, Jr., was caused to suffer the following catastrophic injuries and damages: he has suffered a traumatic brain injury; a crush injury to his skull from the frontal skull to the parietal skull; he was caused to undergo a craniectomy and will need a cranioplasty due to the severity of the crush injury to his skull; his right eye was caused to be removed from the orbital socket as a result of the physical trauma from this incident

and he has been rendered blind in both eyes; he has suffered a substantial altering of his mental status and cognitive function; he now needs assistance with basic human functions including feeding himself, grooming and bathing; he suffered an injury to his right hip that will most likely cause him to need a full hip replacement, as well as other serious and catastrophic bodily injuries; has been caused to undergo medical treatment and procedures for his injuries and will be caused to undergo further such treatment and procedures in the future; he was caused to be transferred to the Shepherd Center, a facility in Atlanta, Georgia that specializes in, among other things, the treatment of persons, like John Robert Williams, Jr., who have suffered catastrophic injuries; he was permanently and irreparably injured; he has been caused to incur medical, hospital, drug, therapy and rehabilitation expenses and will be caused to incur such expenses in the future; he has suffered, still so suffers and will continue to suffer in the future physical pain, suffering, mental distress and mental anguish; he has been caused to lose time from his employment, has suffered lost wages, has suffered lost earning capacity and will so suffer in the future; and his injuries have caused him to be deprived of much enjoyment of his life and will so deprive him in the future.

WHEREFORE, Plaintiffs demand judgment against Defendants The Manitowoc Company, Inc., Manitowoc Crane Companies, LLC, Manitowoc Cranes, LLC, and Cairo Marine Service, Inc., jointly and severally, for compensatory damages in excess of the jurisdictional threshold of this Court, plus interest and costs.

## THIRD CAUSE OF ACTION
## LOSS OF CONSORTIUM

22. Plaintiffs reassert the allegations contained in paragraphs 1-21 above and incorporate the same by reference herein.

23. At the time of the incident made the basis of this action, Plaintiff Wanda Williams was lawfully married to John Robert Williams, Jr. As a proximate result of the allegations listed above, Wanda Williams was caused to lose the society, services and consortium of her husband in the past, present and will continue in the future.

WHEREFORE, Plaintiff Wanda Williams, individually, demands judgment for compensatory damages against Defendants The Manitowoc Company, Inc., Manitowoc Crane Companies, LLC, Manitowoc Cranes, LLC, and Cairo Marine Service, Inc., jointly and severally, in excess of the jurisdictional limits of this Court, plus interest and costs.

OWEN, GALLOWAY & MYERS, P.L.L.C.
Attorneys for Plaintiffs

_____
BEN F. GALLOWAY, III
MSB # 4390
bfg@owen-galloway.com
Post Office Drawer 420
Gulfport, Mississippi 39502-0420
Telephone: (228) 868-2821
Facsimile: (228) 868-2813