**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**WANDA WILLIAMS, individually and
as temporary guardian and temporary
conservator for JOHN ROBERT
WILLIAMS, JR., incapacitated,**                                          **PLAINTIFFS**

**VS.**                                                **CIVIL ACTION NO. 1:14-CV-383 HSO-JCG**

**MANITOWOC CRANES, LLC; and
CAIRO MARINE SERVICE, INC.**                                            **DEFENDANTS**

**MOTION TO EXCLUDE EXPERT TESTIMONY
PROPOSING FEASIBLE DESIGN ALTERNATIVES**

  Manitowoc Cranes, LLC ("Manitowoc"), files this Motion to Exclude the Expert Testimony Proposing Feasible Design Alternatives,[1] and states as follows:

  1. Pursuant to Local Rule 7(b)(6), Manitowoc respectfully requests an evidentiary hearing on this motion.

  2. This case arises from the catastrophic tipover of a Manitowoc 16000 mobile crawler crane operated by the Plaintiff, John Williams ("Williams"), while engaged in a tandem lift at the V.T. Halter shipyard in Pascagoula, Mississippi. This tragic accident was solely caused by the repeated, willful, and inexcusable violations of federal OSHA regulations, industry standards, universally regarded safe practices, and the operators' manual provided by Manitowoc.

  3. Williams contends that the Manitowoc 16000 was defective and unreasonably dangerous in two respects. First, Williams alleges that the Manitowoc 16000 should have been

---

[1] Because the expert testimony in this matter is so deficient on so many fundamental aspects of these claims, Manitowoc has also filed concomitantly with this motion its Motion to Exclude Proposed Expert Testimony Regarding Counterweight Testing, Slip and Restraint and supporting memorandum. As demonstrated in that motion, Williams' proposed expert testimony and toy model "testing" from these very same experts does not meet *Daubert* reliability standards.

equipped with counterweight restraints which would have completely secured both stacks of eight counterweights weighing 288,000 pounds in the event of a catastrophic tipover.  Second, Williams maintains that the Manitowoc 16000 was defective because it should have had, but did not have, a cable angle warning system which, according to Williams' experts, would have detected when Williams' cable angle exceeded a threshold, warned Williams (or shut off his crane), and prevented the other crane in the tandem lift from pulling Williams' crane over.

    4.    In order to prevail on a claim that the crane was unreasonably dangerous under the Mississippi Products Liability Act, MISS. CODE ANN. § 11-1-63 ("MPLA"), Williams must show that there was a feasible design alternative and that such a design would have, to a reasonable probability, prevented the harm at issue.  This type of proof generally requires expert testimony.  Moreover, the standards established by *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993) apply to expert testimony proposing feasible design alternatives. *Watkins v. Telsmith, Inc.*, 121 F.3d 984, 989-991 (5th Cir. Miss. 1997) (citing *Cummins v. Lyle Indus.*, 93 F.3d 362, 366-371 (7th Cir. 1996) and *Peitzmeier v. Hennessy Indus., Inc.*, 97 F.3d 293, 296-98 (8th Cir. 1996), *cert. denied*, 117 S. Ct. 1552, 137 L. Ed. 2d 701 (1997)).

    5.    Williams intends to introduce the testimony of three experts, Joshua Vaughan, William Singhose and Khalid Sorenson, to support his claims that both the counterweight restraint system concept and cable angle warning system concept are feasible design alternatives and would have prevented this harm.

    6.    The testimony proposed by Williams' three experts comes woefully short of the requirements established under the MPLA because the proposed alternatives are in reality "concepts" and not actual designs.  The law is clear -- expert testimony of a feasible design alternative <u>must actually provide a design</u>, as opposed to a concept or a conceptualized

possibility. *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 327 (5th Cir. 2004). Further, there must be some analysis as to how the alternative design would have prevented the harm at issue. *Williams v. Bennett*, 921 So. 2d 1269, 1276 (Miss. 2006) (quoting *Johnson v. Davidson Ladders, Inc.*, 403 F. Supp. 2d 544, 550 (N.D. Miss. 2005)). Williams' failure to include this level of detail and analysis renders the experts' opinions unreliable under the *Daubert* standard and inadmissible at trial.

7. The counterweight restraint ideas and concepts proposed by Vaughn and Singhose lack the detail required to be an actual alternative design under the MPLA. Because these proposals lack the necessary design detail and because these experts cannot testify as to whether these concepts would have prevented this accident, the testimony regarding these concepts is unreliable under *Daubert* and should be excluded from this matter.

8. Sorenson and Singhose attempt to provide expert testimony that a cable angle warning system could have been, and should have been, incorporated on the Manitowoc 16000. However, the testimony is clear that no such device has ever been designed for, or used on, a mobile crawler crane like the Manitowoc 16000. Additionally, the central component of this system, the cable angle sensor, proposed by Sorensen will not work on the Manitowoc 16000. Moreover, when pressed on the most basic details about their concept, Sorenson and Singhose readily admitted that their ideas were just concepts at this point and those details could not be provided. Without basic details on these concepts, Sorenson and Singhose's proposals amount to nothing more than a conceptualized possibility and not an alternative design. Therefore, such expert testimony is unreliable and inadmissible.

In support of this Motion, Manitowoc submits the following exhibits:

- Exhibit A - Deposition of Joshua Vaughan.

- Exhibit B – Deposition of William Singhose.

- Exhibit C – Deposition of Khalid Sorensen.

- Exhibit D – Initial Report of Joshua Vaughan dated July 15, 2015.

- Exhibit E – Initial Report of William Singhose dated July 15, 2015 (without video file exhibits).

- Exhibit F – Initial Report of Khalid Sorensen dated July 15, 2015.

- Exhibit G – Deposition of Bradley Closson.

- Exhibit H - Expert Report of Bradley Closson dated September 7, 2015.

- Exhibit I – Deposition of Julius Williams.

- Exhibit J – Depo. Exhibit 100 – Welded Steel Chain Specifications.

- Exhibit K - Depo. Exhibit 101 – Diagram of Vaughan's Web Tie Down Concept.

- Exhibit L – Depo. Exhibit 102 – Diagram of Vaughan's Chain Tie Down Concept.

- Exhibit M – Depo. Exhibit 104 – Peerless Chain General Safety Guidelines.

- Exhibit N – Deposition of Manitowoc Cranes, LLC, John Taylor. (This deposition has been marked "Confidential" Pursuant to the Agreed Protective Order dated March 30, 2015, and will be submitted separately in accordance with that order).

WHEREFORE, PREMISES CONSIDERED, Manitowoc Cranes, LLC, respectfully requests, for the reasons herein, those provided in the Memorandum of Law in Support of this Motion and those presented at a hearing of this matter, that this Court grant its Motion to Exclude the Expert Testimony Proposing Feasible Design Alternatives in this matter, and exclude the testimony, exhibits and evidence from Singhose, Vaughan and Sorensen relating to feasible design alternatives.

Respectfully submitted, this the 29th day of October, 2015.

        MANITOWOC CRANES, LLC

        BY:    BALCH & BINGHAM LLP

        BY:    /s/ Walter H. Boone
                    Of Counsel

Walter H. Boone (MSB # 8651)
BALCH & BINGHAM LLP
188 East Capitol Street, Suite 1400
P.O. Box 22587
Jackson, MS 39225-2587
Telephone: (601) 965-8179
Facsimile: (888) 856-9542
wboone@balch.com

Matthew W. McDade (MSB # 103207)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221
mmcdade@balch.com

194079.4                5

**CERTIFICATE OF SERVICE**

I do hereby certify that I have this day served a true and correct copy of the above and foregoing pleading by the Court's electronic filing system which sent notification to the following counsel of record:

Ben F. Galloway, III
Owens, Galloway, & Myers, PLLC
P O Drawer 420
Gulfport, MS 39502-0420
bfg@owen-galloway.com

Bryan E. Comer
Desmond V. Tobias
Jason McCormick
Tobias, McCormick & Comer, LLC
1203 Dauphin Street
Mobile, AL 36604
bryan@tmclawyers.com
desi@tmclawyers.com
Jason@tmclawyers.com

This, the 29th day of October, 2015.

/s/ Walter H. Boone