**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**WANDA WILLIAMS, individually and
as temporary guardian and temporary
conservator for JOHN ROBERT
WILLIAMS, JR., incapacitated,**                                  **PLAINTIFFS**

**VS.**                                         **CIVIL ACTION NO. 1:14-CV-383 HSO-JCG**

**MANITOWOC CRANES, LLC; and
CAIRO MARINE SERVICE, INC.**                                          **DEFENDANTS**

### MANITOWOC CRANES, LLC'S RESPONSE TO PLAINTIFFS' MOTION *IN LIMINE* NUMBER 2: EXCLUSION OF EVIDENCE OF VT HALTER'S IRRELEVANT ACTIONS

Defendant, Manitowoc Cranes, LLC ("Manitowoc"), submits this Response to Plaintiffs' Motion *in Limine* Number 2: Exclusion of Evidence of VT Halter's Irrelevant Actions and in support, states as follows:

**I. EVIDENCE REGARDING VT HALTER'S FAILURE TO REPAIR MR. WILLIAMS' CRANE IS HIGHLY RELEVANT, NOT UNFAIRLY PREJUDICIAL, AND ADMISSIBLE.**

1. VT Halter's negligence was the single, and continuing, failure to properly comply with OSHA regulations, Manitowoc's operators' instructions which have the force of federal law, and industry standards and properly repair Mr. Williams' crane. VT Halter knew that Mr. Williams' complained that his load cell was not functioning for five months prior to and including the day of this accident, and its failure to repair that load cell, among other things, caused this accident. For all of these reasons, the evidence is relevant.

2. This evidence is not character evidence of "other acts" under Fed. R. Evid. 404(b) and/or unfairly prejudicial under Fed. R. Evid. 403. The evidence of VT Halter's failure to repair Mr. Williams' crane for the five months prior to, up to, and including the day of this accident is not character evidence at all. VT Halter's failure to properly repair Mr. Williams'

crane was not "other" wrongs or acts on another occasion, but wrongful acts on the particular occasion at issue. VT Halter's negligent failure to repair this crane was a continuing tort or a single wrong, which began in January, 2014, when Mr. Williams first reported that his load cell did not work and concluded when the accident occurred. Even if the Court were to consider all of the missed opportunities to repair as character evidence of "other acts," those acts are still admissible under Fed. R. Evid. 404(b). Rule 404(b) provides that testimony of other acts is still admissible to prove, among other things, the absence of mistake. Lastly, the evidence is not "unfairly prejudicial" under Fed.R. Evid. 403. As discussed above, the evidence establishes that the evidence is highly probative, undisputed, and critical to establishing VT Halter's responsibility for this accident.

## II. MR. ABBOTT'S ACTIONS DURING THIS LIFT ARE ADMISSIBLE TO SHOW THE LACK OF A PROPER LIFT PLAN AND IMPROPER AND UNSAFE EXECUTION OF THIS LIFT.

3. Mr. Abbott's actions during the lift which caused this accident are certainly relevant. Mr. Parnell will testify that Mr. Abbott's action in this lift demonstrates VT Halter's lack of proper planning and improper execution in violation of OSHA regulations, industry standards, and industry practices. All of those failures, together, caused this accident and Mr. Williams' injuries.

4. As discussed above with VT Halter's failure to repair Mr. Williams' crane, Mr. Abbott's actions are not character evidence at all. The evidence is not offered to prove that VT Halter's negligence on another occasion shows they were negligent on this occasion. The evidence is being offered as an example of how VT Halter negligently planned and executed **this** lift on **this** occasion. This evidence is not character evidence at all, but evidence which is "part

and parcel of the case at hand" and is likewise not excluded by Rule 404(a) or (b). *Agushi, supra,* 196 F.3d at 761.

### III. VT HALTER'S ROUTINE OF OVERLOADING CRANES DEMONSTRATES THAT, AMONG OTHER THINGS, PLAINTIFF'S PROPOSED WARNING WOULD NOT HAVE PREVENTED THIS ACCIDENT.

5. Fed. R. Evid. 404(b) permits the introduction of evidence relating to other wrongs and acts which are offered not to prove conformity therewith, but for another purpose. In this instance, such evidence of other acts would be admissible to demonstrate, among other things, whether the failure to warn was the proximate cause of this accident, and whether Plaintiff's proposed warning would have prevented this accident. If cranes are regularly and routinely overloaded at the VT Halter yard and that crane owner and crane operators are routinely flouting the already existing OSHA regulations and industry standards, then Dr. Singhose's additional warning would not have prevented this accident. The evidence relating to VT Halter's actions on other occasion would be admissible to show that Manitowoc's failure warn was not the proximate cause of this accident.

### IV. MANITOWOC DOES NOT INTEND TO INTRODUCE EVIDENCE REGARDING MR. SMITH'S TERMINATION MONTHS AFTER THIS ACCIDENT.

6. Manitowoc does not intend to introduce evidence regarding the reason for Mr. Smith's termination from VT Halter.

7. In support of this Response, Manitowoc relies upon the following exhibits:

   a. Exhibit A: Miller Depo.;

   b. Exhibit B: Closson Report;

   c. Exhibit C: Depo. Ex. 16;

   d. Exhibit D: Depo. Ex. 15;

   e. Exhibit E: Julius Williams Depo.;

f.  Exhibit F: Harold Abbott Depo.; and

g.  Exhibit G: Hank Rains Depo.

WHEREFORE, Manitowoc prays that the Court deny the Motion in Limine on the first three grounds, and agrees that evidence of David Smith's termination is not admissible.

Respectfully submitted, this the 16th day of September, 2016.

    MANITOWOC CRANES, LLC

    BY:    BALCH & BINGHAM LLP

    BY:    */s Walter H. Boone*
            Of Counsel

Walter H. Boone (MSB # 8651)
BALCH & BINGHAM LLP
188 East Capitol Street, Suite 1400
P.O. Box 22587
Jackson, MS  39225-2587
Telephone:  (601) 965-8179
Facsimile:  (888) 856-9542
wboone@balch.com

Matthew W. McDade (MSB # 103207)
BALCH & BINGHAM LLP
1310 Twenty Fifth Avenue
Gulfport, MS 39501
Telephone: (228) 864-9900
Facsimile: (228) 864-8221
mmcdade@balch.com

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served a true and correct copy of the above and foregoing pleading by the Court's electronic filing system which sent notification to the following counsel of record:

Ben F. Galloway, III
Owens, Galloway, & Myers, PLLC
P O Drawer 420
Gulfport, MS 39502-0420
bfg@owen-galloway.com

Bryan E. Comer
Desmond V. Tobias
Jason McCormick
Tobias, McCormick & Comer, LLC
1203 Dauphin Street
Mobile, AL 36604
bryan@tmclawyers.com
desi@tmclawyers.com
Jason@tmclawyers.com

This, the 16th day of September, 2016.

/s Walter H. Boone